IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40546
Summary Calendar
_____

BARBARA STEVENS,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, Commissioner of Social Security,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. V-98-CV-10

_____

January 12, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Barbara Stevens appeals from the grant of summary judgment for the Commissioner of Social Security in her disability action. She contends that the Commissioner applied erroneous legal standards to her claim by making a flawed credibility assessment because the Commissioner failed to remand her claim to the administrative law judge ("ALJ") based on the new evidence Stevens presented to the Appeals Council, evidence Stevens contends supported her pain complaints. She argues that the ALJ's assessment of her residual functional capacity was defective because it assumed a lesser

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

degree of pain than that which would follow from a diagnosis of fibromyalgia, a diagnosis that was made after the hearing.

The ALJ's finding that Stevens was able to return to her past relevant work by January 1990 is supported by substantial evidence in the record.  Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992).  Stevens should have filed her application for disability benefits by January 1991 to obtain benefits for the disability that ended in January 1990.  20 C.F.R. § 404.320(b)(3).  Her November 7, 1994 application was untimely.  Stevens was not insured for any disability that began after December 1989; the Commissioner need not have considered any evidence relevant to any such disability. 20 C.F.R. § 404.320(b)(2).

A F F I R M E D.